Dennis HALE, Petitioner–Appellant,

v.

COUNTY OF LOS ANGELES,
Defendant–Appellee.

No. 06–55906.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 19, 2007.

Frank A. Weiser, Esq., Lawrence Teeter, Esq., Los Angeles, CA, for Petitioner–Appellant.

Mark D. Rutter, Esq., Carpenter Rothans and Dumont, Los Angeles, CA, for Defendant–Appellee.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Plaintiff Dennis Hale appeals the district court's grant of summary judgment in fa-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2). We therefore deny Defendant County of Los Angeles' request for oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vor of Defendant County of Los Angeles in his 42 U.S.C. § 1983 action. Plaintiff asserts that police officers, employed by Defendant and acting pursuant to an official policy or custom, unlawfully detained him and used excessive force when conducting two pat-down searches for weapons. We review de novo the district court's grant of summary judgment, *Qwest Communications, Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006), and we may affirm on any basis supported by the record, *Enlow v. Salem–Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir.2004). We affirm.

■ The district court properly granted summary judgment on the claim of unlawful detention. Probable cause to arrest Plaintiff existed because the available facts suggested a "fair probability" that Plaintiff had committed a crime. *See United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006) ("A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime."). During an attempt to post bail for a prisoner, Plaintiff presented a Bail Agent Identification Card lacking several indicia of authenticity and bearing an Insurance License number that did not match the number on his Insurance License Card. Under California law, it is a crime to knowingly present false identification, *see* Cal.Penal Code § 529.5(c), to attempt to execute a bail bond unless properly licensed, *see* Cal. Ins.Code §§ 1800, 1802, 1814, and to falsely represent oneself as a licensed bail agent, *see* Cal.Code Regs. tit. 10, § 2067.

■ The district court properly granted summary judgment on the claim of excessive force. Defendant County cannot be liable for the actions of its police officers unless those actions are taken pursuant to an official "policy or custom."[1] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff does not allege a long-standing policy or custom of the County's police officers to use excessive force. Instead, Plaintiff notes that "official liability may also be imposed where a first-time decision to adopt a particular course of action is directed by a governmentally authorized decisionmaker." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Although Plaintiff argues in his brief that Police Lieutenant Lichten, the Night Watch Commander at the Lancaster police station, was such a "governmentally authorized decisionmaker," the record contains no evidence that Lieutenant Lichten had such authority, *see Dixon v. Wallowa County*, 336 F.3d 1013, 1021–22 (9th Cir.2003) (affirming summary judgment because of the absence of evidence in the record that a government employee had policymaking authority), and such authority is generally reserved for the Chief of Police, *see Larez*, 946 F.2d at 646 (noting that evidence in the record supported the plaintiffs' assertion that the chief of police is an official policymaker for the police department).

We also reject Plaintiff's argument based on *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that the policymakers of the city were deliberately indifferent to the need to train its police officers. The record contains no evidence related to Defendant County's training policies or any alleged deficiencies in training of any police officer. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 484–85 (9th Cir.2007) (holding that "absent evidence of a 'program-

---

1. Although Plaintiff brought suit against the individual police officers in addition to Defendant County, he appealed the district court's ruling only with respect to Defendant County.

wide inadequacy in training,' any shortfall in a single officer's training 'can only be classified as negligence on the part of the municipal defendant-a much lower standard of fault than deliberate indifference.' ") (quoting *Alexander v. City and County of San Francisco,* 29 F.3d 1355, 1367 (9th Cir.1994)).

**AFFIRMED.**